United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sound Around, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-23395-Civ-Scola |
| | ) |
| Douglas O'Donnell, Defendant. | ) |

### Order Denying Motion for Reconsideration

Plaintiff Sound Around, Inc., seeks to recover damages from Defendant Douglas O'Donnell because of a real estate deal that fell apart with the owners of an industrial warehouse—Hialeah Last Mile Fund VII, LLC ("Fund VII") and Hialeah Last Mile, LLC ("Last Mile") (together, the "LLCs"). (Compl., ECF No. 1 ("Compl. II").) According to Sound Around, O'Donnell fraudulently induced Sound Around to enter into a sales agreement and then breached his personal warranty that Fund VII had the power and authority to execute the sale under the parties' purchase agreement. Previously, the Court dismissed this case, finding it duplicative of a prior complaint Sound Around filed, against the LLCs, lodging claims for reformation of the agreement; breach of contract; and anticipatory breach of contract. (*Sound Around, Inc. v. Hialeah Last Mile Fund VII LLC and Hialeah Last Mile, LLC*, Case No. 22-20652-CIV-Scola (the "First Action"), ECF No. 1, 2nd Am. Compl. (S.D. Fla. Oct. 18, 2022) ("Compl. I").) Sound Around now asks the Court to reconsider that order, complaining that the Court erred by (1) considering allegations outside of the pleadings; (2) misinterpreting Sound Around's allegations in the First Action; and (3) prematurely addressing the claims-splitting issue on a motion to dismiss. (Pl.'s Mot., ECF No. 34.) O'Donnell has responded (Def.'s Resp., ECF No. 38) to which Sound Around has replied (Pl.'s Reply, ECF No. 42). After careful review, the Court **denies** Sound Around's motion for reconsideration (**ECF No. 34**).

### 1. Legal Standard

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may

move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563. Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, as here, however, a motion to reconsider is not ordinarily warranted.

2. **Reconsideration of the Court's order dismissing Sound Around's complaint for claims splitting is not warranted, both procedurally and substantively.**

As an initial matter, Sound Around failed to comply with the Court's Local Rule requiring a movant "to confer . . . or make a reasonable effort to confer . . . with all parties or non-parties who may be affected by the relief sought." L.R. 7.1(a)(3). Sound Around provides no justification for its failure to confer except to say that it waited until the last minute to contact opposing counsel before the expiration of its deadline to seek reconsideration. But this does not amount to "a reasonable effort to confer." The purpose of the rule is to not only ensure judicial economy, prevent courts from wasting time evaluating issues the parties might be in agreement on, and inform the Court as to whether it need wait for a response from the opposing party before deciding the motion, but is also, importantly, to force the parties to engage in the meaningful exchange of information and viewpoints. *See*, *e.g.*, *Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014) (Bloom, J.). Sound Around also points to what it perceives as the futility of conferring. But "there is no exception in the Local Rules for futility." *Norych v. Admiral Ins. Co.*, 08-60330-CIV, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (Altonaga, J.).

This is also not the first time that Sound Around has been alerted to its conferral obligations before this Court. (*See* First Action, Def.'s Mot. to Strike, ECF No. 50.) And, indeed, Sound Around previously acknowledged that its failure to confer, in similar circumstances, warranted efforts to cure. (First Action, Pl.'s Resp. to Mot. to Strike, ECF No. 56, 2 ("Plaintiff immediately took steps to [meet and confer] in a good faith effort to address the issue and satisfy Local Rule 7.1(a)(3)."), 3 ("Plaintiff attempted to remedy the issue.").) In light of Sound Around's repeated failure to confer, the Court is "justifie[d in] denying the motion, as the Eleventh Circuit has affirmed that failure to comply with

Local Rule conferral requirements is an independently sufficient basis to deny a motion." *Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, 21-22911-CIV, 2022 WL 17082909, at *6 (S.D. Fla. Nov. 18, 2022) (Goodman, Mag. J.) (citing *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014). In addition, although the Court denies Sound Around's motion for its failure to confer, it has also reviewed the substance of Sound Around's motion and finds that it falls short on the merits as well, for the following reasons.

### A. The Court did not err in considering Sound Around's pleadings in the First Action.

Sound Around argues that it was improper for the Court to consider facts outside its complaint in this case in evaluating O'Donnell's motion to dismiss. (Pl.'s Mot. at 8–9.) In support, Sound Around complains that, in looking to the pleadings set forth in the First Action, the Court improperly made factual findings based on those allegations. The Court disagrees.

In analyzing the claims-splitting issue, the Court was required to evaluate and compare the alleged factual underpinnings of this case as compared to those of the First Action. The only way for the Court to determine whether both actions "aris[e] from the same nucleus of operative facts," *Vanover v. NCO Fin. Services, Inc.*, 857 F.3d 833, 842 (11th Cir. 2017), is to look at the complaints in both cases. In doing so, the Court did not pass on the actual veracity of the factual allegations set forth in the First Action. It simply assessed the alleged transaction upon which the two cases are based, ultimately concluding that, indeed, any new facts Sound Around has set forth in this case, as compared to its First Action, "do not give rise to new and independent claims that are part of a separate transaction." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1237 (11th Cir. 2021). The Court relied on the allegations in the First Action to refute *arguments* raised by Sound Around in responding to O'Donnell's motion to dismiss, not, as sound Around maintains, to establish "the truth of the matters alleged." (Pl.'s Reply at 5; Pl.'s Mot. at 9.)

### B. The Court did not err in interpreting Sound Around's allegations in the First Action.

Sound Around continues to complain that the Court erred in concluding that Sound Around knew of O'Donnell's fraud prior to filing the complaint in the First Action. This misconstrues the point of the Court's core finding that Sound Around's claims for fraud in the inducement and breach of contract against O'Donnell in this action both spring from the same nucleus of operative facts supporting Sound Around's claims for reformation, breach of contract,

and anticipatory breach as set forth in the First Action. (Order, ECF No. 31, 3–4.) And, notably, Sound Around does not disagree with what the Court described as "the obvious unity of the factual bases of the two actions." (*Id.* at 4.) Instead, Sound Around quarrels with the Court's reliance Sound Around's own complaint's *allegations* in evaluating Sound Around's *arguments*, presented in briefing. In *argument* Sound Around insists it did not become aware of O'Donnell's purported misrepresentations until after it initiated the First Action. In testing this argument, the Court has looked to Sound Around's pleading and found no factual allegations (as opposed to bare conclusions) to support it. And while it may be that the allegations in the First Action do not inescapably lead to the conclusion that Sound Around was aware of O'Donnell's alleged fraud prior to filing the First Action, that is not the same as identifying when the claim accrued.

Ultimately, the Court disagrees with Sound Around that the complaint in this case supports its argument, in both opposing O'Donnell's motion to dismiss and seeking reconsideration, that Sound Around's claims in this case qualify as after-acquired claims that are not subject to the rule against claims splitting. Sound Around fails to identify any factual allegations in its complaint, in this case, that show that the "underlying cause of action," in this case, "had not accrued at the time of filing the previous lawsuit." *Apple Glen Inv'rs, L.P. v. Express Scripts, Inc.*, 700 F. App'x 935, 937 (11th Cir. 2017) (cleaned up). That is, Sound Around's mere appreciation of O'Donnell's purported deception, after the filing of the First Action, does not equate to a showing that, despite Sound Around's due diligence, the claims in this case could not have been raised in the First Action. Again, the essence of what Sound Around complains about in the First Action and in this case, as presented on the face of its pleadings, are predicated on the same transaction (or failed transaction): the refusal of the LLCs to proceed with the sale of their property to Sound Around. "[T]he factual bases for both lawsuits are related in time, origin, and motivation, and they form a convenient trial unit, thereby precluding [Sound Around] from splitting [its] claims among the lawsuits." *Vanover*, 857 F.3d at 842–43.

### C. Claim splitting was appropriately raised in O'Donnell's motion to dismiss.

Sound Around also argues that it was inappropriate for the Court to consider the claims-splitting issue in the context of a motion to dismiss. (Pl.'s Mot. at 14 n. 10.) While the Court acknowledges that claim splitting can be raised by way of an affirmative defense, there is no bar to a defendant's raising it through a Rule 12(b)(6) motion to dismiss when, as here, the defense appears on the face of the complaint. *See Vanover*, 857 F.3d at 836 (noting that "the

claim-splitting doctrine derives from the doctrine of res judicata" and "[s]ince res judicata may be raised by way of a Rule 12(b)(6) motion to dismiss, so may the claim-splitting defense").

### D. Sound Around fails to persuade that the Court should grant it leave to amend its complaint.

Finally, Sound Around submits that it should be granted leave to amend its complaint to show that "its claim against O'Donnell accrued after the [First] Action was filed such that the claim-splitting rule does not apply." (Pl.'s Reply at 10; Pl.'s Mot. at 14–15.) But other than suggesting that in its amended pleading Sound Around could "allege when it learned of O'Donnell's misrepresentations about Fund VII's power and authority with more specificity and factual detail," Sound Around fails to actually "set forth the substance of the proposed amendment or attach a copy of the proposed amendment to its motion." *Newton v. Duke Energy Florida, LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (cleaned up). Instead, Sound Around merely proffers, in broad strokes, the type of allegations it would like to have the opportunity to flesh out. Assuming Sound Around's request is even properly before the Court, post-judgment, its cursory sketch of the allegations it might proffer is not, in any event, enough to allow the Court to pass on the propriety of granting Sound Around leave to amend. *See Thomas v. Town of Davie*, 847 F.2d 771, 774–75 (11th Cir. 1988) (Eschbach, J., concurring) ("When a motion for reconsideration seeking leave to amend makes no showing or assertion of what amendments can or will be made, thus giving the district court no basis for inferring that the deficiencies in the original complaint can or will be cured, there simply is no basis for inferring that justice requires that leave to amend be granted."); *see also Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered.").

### 3. Conclusion

After careful review, the Court **denies** Sound Around's motion for reconsideration (**ECF No. 34**), for the reasons set forth above. While the Court is mindful of the hurdles Sound Around may face by what it describes as the shifting sands of the LLCs' defense in the First Action, Sound Around has not identified any actual hurdle, outside of a lack of diligence, that prevented it from raising these claims that litigation. Accordingly, the Court finds that to allow this case to proceed would run counter to the Court's goals of promoting

judicial economy and shielding the parties before it from duplicative litigation.

**Done and ordered** at Miami, Florida on June 28, 2023.

_____
Robert N. Scola, Jr.
United States District Judge