UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-cv-23395-SCOLA/GOODMAN

SOUND AROUND, INC.,

    Plaintiff,

v.

DOUGLAS O'DONNELL,

    Defendant.

_____/

## REPORT AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR SANCTIONS BE STAYED DURING THE APPEAL

Defendant Douglas O'Donnell ("O'Donnell" or "Defendant") filed the instant motion seeking Rule 11 sanctions against Plaintiff Sound Around, Inc. ("Sound Around" or "Plaintiff"). [ECF No. 27]. Plaintiff filed an opposition response [ECF No. 33] and Defendant filed an optional reply [ECF No. 39]. Plaintiff also filed a notice of appeal. [ECF No. 45].

United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for either an order or a report and recommendations, consistent with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of the Local Magistrate Judge Rules." [ECF No. 31].

For the reasons discussed below, the Undersigned respectfully **recommends** that the District Court **stay** Defendant's Rule 11 motion while the appeal is pending.

I.   **Background**

Plaintiff's claims stem from a real estate deal which was never consummated. As Judge Scola noted in his dismissal Order:

> Plaintiff Sound Around, Inc., as a purchaser, seeks to recover damages from Defendant Douglas O'Donnell because of a real estate deal that fell apart with the owners—Hialeah Last Mile Fund VII, LLC ("Fund VII") and Hialeah Last Mile, LLC ("Last Mile") (together, the "LLCs")—of an industrial warehouse. . . . Sound Around complains that O'Donnell fraudulently induced Sound Around to enter into the agreement and then breached his personal warranty that Fund VII had the power and authority to perform under the parties' purchase agreement.
>
> \*\*\*
>
> [T]his [was] not Sound Around's first attempt to seek relief from the Court because of the collapse of this same transaction. Prior to filing this case, **Sound Around filed another lawsuit, that one against the LLCs, lodging claims for reformation of the agreement; breach of contract; and anticipatory breach of contract**. (*Sound Around, Inc. v. Hialeah Last Mile Fund VII LLC and Hialeah Last Mile, LLC*, Case No. 22-20652-CIV-Scola (the "First Action"), ECF No. 1, 2nd Am. Compl. (S.D. Fla. Oct. 18, 2022) ("Compl. I" or the "First Complaint").) **Sound Around amended its complaint twice in the First Action and then, after the deadline to amend the pleadings had passed and discovery had closed, initiated this new case**.

[ECF No. 28, p. 1 (emphasis added)].

Judge Scola dismissed the instant action with prejudice because he found that Plaintiff had engaged in claim splitting. *Id.*

At the time of Judge Scola's ruling, Defendant had already filed his Rule 11

sanctions motion. [ECF No. 27]. The Rule 11 motion argues that: (1) "[t]he Complaint is legally untenable under the claim splitting doctrine" and (2) the Complaint was filed for an improper purpose (i.e., "to get two bites at the apple and sidestep" the expired deadline to add parties in the earlier filed, federal court action (Case No. 22-20652-CIV-Scola)). *Id.* at 1-2.

Plaintiff unsuccessfully moved for reconsideration of Judge Scola's dismissal Order. [ECF Nos. 34; 46].

In his Order denying reconsideration, Judge Scola found that "to allow this case to proceed would run counter to the Court's goals of promoting judicial economy and shielding the parties before it from duplicative litigation." [ECF No. 43, p. 6].

Having twice failed to persuade the Court to allow this second-filed action to proceed on the merits, Plaintiff now seeks relief from the United States Court of Appeals for the Eleventh Circuit. *See* Notice of Appeal [ECF No. 45].

Plaintiff has also filed a notice regarding its appeal. [ECF No. 46]. Plaintiff's notice states, in short, that it will dismiss its appeal if Defendant "in the very near future" withdraws his Rule 11 sanctions motion:

> 4.  Primarily because of these baseless accusations, Sound Around was forced to seek reconsideration of the Court's Order dismissing the case, as that Order has some overlap with the legal issues asserted in the Motion for Sanctions. In light of the Court's recent denial of Sound Around's Motion to Alter or Amend Judgment (*see* ECF No. 43), Sound Around now similarly sees itself forced to appeal the Court's judgment dismissing the case.

5.     Sound Around seeks to make clear to the Court that its reasons for filing the Notice of Appeal remain largely the same as when it filed its Motion to Alter or Amend Judgment. While Sound Around believes it has the right to pursue its claims against O'Donnell and, respectfully, that the Court erred in its Order dismissing the case, **the primary reason Sound Around has now appealed is because of O'Donnell's Motion for Sanctions**. But for O'Donnell's ongoing actions in this litigation, Sound Around would have accepted the Court's recent ruling, irrespective of Sound Around's disagreement with the ruling. To be sure, **should O'Donnell withdraw in the very near future what Sound Around believes to be his meritless motion for sanctions, Sound Around will also withdraw its appeal and bring this case to closure**.

*Id.* at ¶¶ 4-5 (emphasis added; footnote omitted).

## II.     Applicable Legal Standard and Analysis

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). At the same time, a district court "retain[s] jurisdiction to consider motions that are collateral to the matters on appeal." *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007). "Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after the court no longer has jurisdiction over the substance of the case." *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990)).

Nonetheless, "[r]uling on motions for sanctions may . . . be deferred pending appeal to avoid the possibility of the sanctions issues becoming moot." *Pinto v. Rambosk*,

4

No. 2:19-CV-551-JLB-MRM, 2021 WL 4263404, at *2 (M.D. Fla. Sept. 20, 2021); *see also Jackson v. Hall Cnty. Gov't, Ga.*, 568 F. App'x 676, 680 (11th Cir. 2014) (finding no abuse of discretion where "the [district] court opted to defer a ruling on [a Rule 11 motion] until the resolution of [the] then-pending appeal so as to avoid the sanctions issues possibly becoming moot").

Because a finding in Plaintiff's favor on appeal could affect Defendant's entitlement to fees under Rule 11, the Undersigned finds there is good cause to stay consideration of the instant motion while a decision from the Eleventh Circuit is pending. *See Jackson v. Cronic*, No. 2:11-CV-00058-WCO, 2013 WL 12091693, at *9 (N.D. Ga. Jan. 24, 2013) ("The court believes its decision will ultimately be affirmed, and the pendency of this appeal does not deprive the court of jurisdiction to rule upon [the] defendants' motion for Rule 11 sanctions. . . . However, the court also believes it prudent to defer further consideration of [the] defendants' Rule 11 motion until the Eleventh Circuit has had the opportunity to evaluate [the] plaintiff's arguments on appeal.").

### III. Conclusion

For the reasons stated above, the Court should **stay** Defendant's Rule 11 motion during the pendency of the appeal. Defendant should be instructed to file a notice with the Court no later than one (1) week after the Eleventh Circuit's issuance of a mandate, if appropriate.

5

### IV.   Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August 10, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record